**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000221
29-SEP-2025
08:10 AM
Dkt. 72 SO**

NO. CAAP-23-0000221


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ROBERT EGE; DAVID KAHIKINA; TRACIE KAHIKINA; DEBORAH L. MINES,
INDIVIDUALLY AND AS TRUSTEE OF THE DL MINES 2005 TRUST U/D/T
DATED APRIL 7, 2005, Plaintiffs-Appellants,
v.
BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; FIRST HAWAIIAN BANK; AXIA FINANCIAL, LLC; BANK OF AMERICA,
N.A.; JAMES ISBISTER; DEANNA ISBISTER; LAURIE ROUSSEAU-NEPTON;
MICHAEL D. CAMPBELL; ANNETTE M. CAMPBELL; Defendants-Appellees,
and
DOE DEFENDANTS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC19100092K)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

This appeal challenges the grant of summary judgment
on plaintiffs-borrowers' claims of wrongful foreclosure and
Hawaii Revised Statutes (**HRS**) Chapter 480 violations against
their common lender, and their claims to quiet title and

ejectment against the current titleholders of the foreclosed properties.  The Hawaiʻi Supreme Court's recent decision in McCullough v. Bank of America, N.A., __ Hawaiʻi __, __ P.3d __, 2025 WL _____ (Haw. Sep. 12, 2025) is dispositive, and we affirm.

Plaintiffs-Appellants Robert Ege (**Ege**), David and Tracie Kahikina (**Kahikinas**), and Deborah L. Mines, Individually and as Trustee of the DL Mines 2005 Trust U/D/T Dates April 7, 2005 (**Mines**) (collectively, **Appellants**) appeal from the February 28, 2023 "Final Judgment as to All Claims and All Parties" (**Final Judgment**), entered by the Circuit Court of the Third Circuit (**circuit court**).[1]

Appellants' April 5, 2019 Complaint asserted three individual actions by Ege, the Kahikinas, and Mines, for wrongful foreclosure, seeking damages and return of title. Appellants all had the same lender and foreclosing mortgagee, Defendant-Appellee Bank of America, N.A. (**BANA**), against whom they asserted two counts: Count 1 for "Wrongful Deprivation of Real Property" (**wrongful foreclosure**) and Count 2 for "Unfair and Deceptive Trade Practices and Unfair Methods of Competition Under HRS Chapter 480" (**UDAP/UMOC**), based on procedural defects in BANA's non-judicial foreclosure on Appellants' respective properties in 2008 and 2010.  Appellants also asserted Count 3, quiet title and ejectment, against the current titleholders of the properties, which included Defendants-Appellees James Isbister, Deanna Isbister, Mortgage Electronic Registration Systems, Inc. (**MERS**), First Hawaiian Bank, Laurie Rousseau-

---

[1] The Honorable Wendy M. DeWeese presided.

2

Nepton, Michael D. Campbell and Annette M. Campbell (together, **Campbells**), and BANA.[2]

BANA filed individual motions for summary judgment against Ege, David Kahikina, and Mines on the wrongful foreclosure and UDAP/UMOC claims, primarily arguing that Appellants failed to prove compensatory damages. The circuit court granted BANA's summary judgment on Counts 1 and 2, concluding that Appellants failed to establish compensatory damages; and Appellants may not include as damages their unpaid mortgage debt, unpaid accrued interest, and lost rental income.

BANA and MERS filed motions for summary judgment as to Mines's quiet title and ejectment in Count 3, as barred by the six-year statute of limitations under HRS § 657-1(4), and arguing, among other things, that the Campbells were bona fide purchasers. The circuit court's order granting BANA and MERS summary judgment on Count 3 concluded, among other things, that the Campbells were bona fide purchasers, and BANA and MERS were bona fide mortgagees.

The remaining titleholder defendants filed a motion for summary judgment on Count 3, arguing, among other things, that they were bona fide purchasers; and that Appellants' claims against them were barred by the six-year statute of limitations. The circuit court's order granting the titleholders' summary judgment in Count 3 concluded, among other things, that the titleholders were bona fide purchasers or mortgagees; and the quiet title and ejectment claims were time-barred.

On appeal, Appellants contend the circuit court erred by: **(1)** granting BANA's summary judgment on Counts 1 and 2 based on its erroneous conclusion that Appellants "had no damages

_____

[2]     The Campbells, who were subsequent purchasers of Mines's former property, subsequently granted a mortgage lien in favor of MERS, as nominee for BANA.

despite [Appellants] having forfeited all the funds – other than the proceeds of the foreclosed mortgage loan – that they had invested in the property through down-payments, closing costs, monthly payments, and unforgiven debt"; **(2)** granting the titleholders' summary judgment on Count 3 and granting BANA and MERS's summary judgment against Mines in Count 3, based on its erroneous conclusion that Appellants "could not establish the elements of a claim for quiet title and ejectment as a matter of law"; and **(3)** granting dismissal of Tracie Kahikina's claims and "denying the Bankruptcy Trustee's motion to substitute and/or join[.]"[3]

"Summary judgments are reviewed de novo and are only appropriate where no genuine issue of material fact is established by admissible evidence, when the evidence and inferences drawn therefrom are viewed in the light most favoring the party opposing summary judgment." Llanes v. Bank of Am., N.A., 154 Hawaiʻi 423, 428, 555 P.3d 110, 115 (2024). "[W]here the non-movant bears the burden of proof at trial, a movant may demonstrate that there is no genuine issue of material fact by either: (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non-movant will be unable to carry his or her burden of proof at trial." Ralston v. Yim, 129 Hawaiʻi 46, 57, 292 P.3d 1276, 1287 (2013).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Appellants' points of error as follows.

**(1)** Appellants argue the circuit court erred by concluding they failed to establish compensatory damages for

---

[3]     We have consolidated and restated Appellants' contentions for clarity.

wrongful foreclosure and UDAP/UMOC claims in Counts 1 and 2 because Appellants' unpaid mortgage debt should have been included in their damages.

We conclude that the circuit court correctly granted summary judgment and determined that Appellants' unpaid mortgage debt may not be counted as damages in wrongful foreclosure cases. Similar to the borrowers in McCullough, Appellants have not established compensatory damages that exceed the amounts of their mortgage debt. See McCullough, at __ (holding that under Llanes v. Bank of Am., N.A., 154 Hawai'i 423, 555 P.3d 110 (2024) and Lima v. Deutsche Bank Nat'l Tr. Co., 149 Hawai'i 457, 494 P.3d 1190 (2021), "to survive summary judgment on their wrongful foreclosure and UDAP claim against Lender, Borrowers must establish compensatory damages after accounting for their mortgage debts at the time of foreclosure.").

**(2)** Appellants argue the circuit court incorrectly granted the titleholders, BANA, and MERS summary judgment on Count 3 because there is no statute of limitations and any subsequent purchaser had constructive notice of the allegedly defective foreclosure process. These arguments are foreclosed by McCullough, supra.

In McCullough, the supreme court held that the borrowers' quiet title and ejectment claims against the titleholders "are subject to the [six-year] statute of limitations for a wrongful foreclosure action," and "[c]onsequently, Borrowers' claims against Titleholders for return of title and possession of the properties . . . are time-barred." Id. at ___.

We conclude the circuit court correctly ruled that Appellants' quiet title and ejectment claims, arising from an alleged wrongful foreclosure, were time-barred. Here,

5

Appellants' April 5, 2019 Complaint was filed more than six years after their properties' foreclosure sales in 2008 and 2010.  See id.  We need not reach Appellants' other arguments regarding Count 3.

**(3)** Appellants argue the circuit court erred by dismissing Tracie Kahikina instead of allowing substitution by the trustee of her bankruptcy estate.  In light of our holding that the circuit court properly granted summary judgment on David Kahikina's identical claims arising from their property's foreclosure, any error regarding the substitution of the bankruptcy trustee is harmless.

For the foregoing reasons, we affirm the circuit court's February 28, 2023 Final Judgment.

DATED:  Honolulu, Hawaiʻi, September 29, 2025.

On the briefs:

James J. Bickerton,
Van-Alan H. Shima,
for Plaintiffs-Appellants.

Charles A. Price,
for Defendants-Appellees.
Attorney for Defendants-
Appellees James Isbister,
Deanna Isbister, First
Hawaiian Bank, Laurie
Rousseau-Nepton, Michael D.
Campbell, and Annette M.
Campbell.

Allison Mizuo Lee,
for Defendants-Appellees
Mortgage Electronic
Registration Systems, Inc. and
Bank of America, N.A.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge